UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTONIO PORTER,<br><br>                Plaintiff,<br>    v.<br><br>CITY OF SEATTLE, et al.,<br><br>                Defendants. | Case No. 2:23-cv-293-JNW-TLF<br><br>ORDER GRANTING MOTION TO COMPEL AND ORDER GRANTING MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE |

This matter comes before the Court on defendants' motion to compel discovery and request for an extension of the deadline to file dispositive motions. Dkt. 25. Plaintiff did not file a response to the motion. For the reasons set forth herein, defendants' motion is granted. The initial pretrial scheduling order Dkt. (23) is stricken. The Court has issued an amended pretrial scheduling order.

DISCUSSION

I.    **Motion to Compel**

Pursuant to Fed. R. Civ. P. 37, a party may move for an order compelling a party to appropriately respond to discovery when a party fails to produce documents or permit inspection as required by Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 allows a party to serve on another party a request for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 33, the purpose of interrogatories is to "limit and clarify the issues for the parties in preparation for further trial proceedings." *Soria v. Oxnard Sch. Dist. Bd of Trs.*, 488 F.2d 579, 587 (9th Cir. 1973). If the responding party objects, any objection must be plain and specific, to allow the court to understand the specific objectionable characteristic being asserted by the responding party. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

According to Fed. R. Civ. P. 34, requests for production, including requests for electronically stored information (ESI) and tangible things, must be responded to either by "stat[ing] that inspection and related activities will be permitted as requested or stat[ing] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C). If the producing party objects to part of a request, the producing party is required to include in the objection, a statement that specifies which part is being objected to, "and permit inspection of the rest." *Id*.

A party is only required to produce documents and records within their "possession, custody or control." *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). The party seeking production of the document bears the burden of proving that the opposing party has possession of the document or evidence requested. *Id*. Additionally,

ORDER GRANTING MOTION TO COMPEL AND
ORDER GRANTING MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE - 2

the moving party bears the burden of showing that the discovery responses were incomplete. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

A district court has broad discretion to grant or deny a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Fed. R. Civ. P. 26(b)(2)(C), the Court is required to limit the frequency or extent of discovery if the discovery requested is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the requesting party "has had ample opportunity to obtain the information by discovery in the action," or if the requesting party is seeking information that is outside of the scope of discovery under Rule 26(b)(1).

### a. Meet and Confer Requirement

Defendants assert that a meet and confer, as required by LCR 37, is not possible because plaintiff is incarcerated. Dkt. 26 at 2. However, defendants did not submit a certification that they attempted to meet and confer with plaintiff in good faith in regard to the Interrogatories and Requests for Production prior to filing the motion as required by LCR 37(a)(1) and as stated in the scheduling order. *See* Dkt. 23 at 2.

Plaintiff's status of incarceration is not a sufficient reason for the failure to attempt to meet and confer prior to filing a motion with the Court. Defendants acknowledge they were previously able to resolve a discovery issue without the Court's intervention by sending a reminder letter to plaintiff. Dkt. 25 at 4, Dkt. 26 at 2. The Court will consider defendants' motion on the merits, in the interest of speeding up the process of discovery – but the parties are on notice that, in the future, any additional discovery motions will

ORDER GRANTING MOTION TO COMPEL AND
ORDER GRANTING MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE - 3

be stricken if the motion does not include a certification that a good faith attempt to meet and confer has been made. *See* Dkt. 23 at 2, LCR 37(a)(1).

### b.  Merits

Defendants' motion requests an order compelling plaintiff to respond to the City's Interrogatories and Requests for Production. Dkt. 25. Defendants argue that they cannot prepare for summary judgment without the requested evidence. *Id*. at 3-4. Specifically, they argue they cannot (1) establish the elements of negligence without identifying whether plaintiff has any preexisting conditions and the extent of his injury, (2) evaluate plaintiff's treatment at the hospital, where he claims he was racially discriminated against, or (3) establish whether plaintiff suffered severe emotional distress. Dkt. 25 at 3. Plaintiff did not respond to the motion; the Court considers the failure to respond as an admission that the motion has merit. LCR 7(b)(2). Because defendants have described ways in which the requested information pertains to a matter relevant to a claim or defense, the Court GRANTS the motion to compel.

## II.  Motion for Extension

Defendants state they are unable to prepare for trial or summary judgment because plaintiff has not produced any evidence. Dkt. 25 at 2. A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Under the stringent requirement of good cause in Fed. R. Civ. P. 16(b), the Court considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension;

carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

Because plaintiff has not responded to defendants' Interrogatories or Requests for Production, and defendants are still awaiting the medical records from Harborview Medical Center, the Court finds good cause to grant an extension of the dispositive motion deadline. The Court has issued an amended pretrial scheduling order along with this order.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel and motion for extension of the dispositive motion deadline are GRANTED.

Dated this 14th day of March, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge