UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO PORTER,

          Plaintiff,

   v.

CITY OF SEATTLE,

          Defendants.

Case No. 2:23-cv-293-JNW-TLF

PRETRIAL SCHEDULING ORDER

Pursuant to the Court's March 13, 2024 Order Granting Defendants' Motion to Compel, and Order Granting Defendants' Motion to Extend the dispositive motion deadline (Dkt. 25, 26), the Court hereby establishes the following revised pretrial schedule:

(1) Motions to Amend

Any motion to amend pleadings shall be filed by **April 11, 2024**. Pursuant to LCR 15, a party seeking to amend a pleading must attach the proposed amended pleading as an exhibit to the motion. The party must also indicate how the proposed amended pleading differs from the original pleading by highlighting the text that is added and striking through the part that is deleted.

(2) Dispositive Motions

Any dispositive motion shall be filed and served by **June 27, 2024.** Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part

PRETRIAL SCHEDULING ORDER- 1

of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than the fourth Friday following filing and service of the motion.

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's briefs and affidavits. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

Defendants are reminded that they **MUST** serve a *Rand* notice, in a separate document, concurrently with motions to dismiss and motions for summary judgment so that *pro se* plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary**

PRETRIAL SCHEDULING ORDER- 2

**judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).  Defendants who fail to file and serve the required *Rand* notice on the plaintiff(s) may have their motion stricken from the Court's calendar with leave to re-file.

    (3) Trial, Joint Pretrial Statement, and Expert Disclosures

    A trial date and deadlines for serving expert disclosures and filing a Joint Pretrial Statement may be established at a later date pending the outcome of any dispositive motions.

    (4) Proof of Service and Sanctions

    All motions, pretrial statements, and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*.  The proof of service shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court.  Prisoners subject to the Court's Mandatory E-Filing Project may comply with this requirement by certifying as to the date the document(s) is handed to the law librarian for scanning.  Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.

    (5) Extensions

    The deadlines contained in this Order are firm and will not be extended by the Court except upon application to the Court with a showing of good cause. See Fed. R.

PRETRIAL SCHEDULING ORDER- 3

Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

    (6) Address

    The parties are to promptly update the Court with any change of address or other contact information.

    (7) Instructions to Clerk

    The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

    Dated this 14th day of March, 2024.

Theresa L. Fricke
United States Magistrate Judge

PRETRIAL SCHEDULING ORDER- 4