UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Antonio Porter,

                Plaintiff,

v.

City of Seattle, et al.,

                Defendants.

Case No. 2:23-cv-293-JNW-TLF

ORDER ON MOTION TO COMPEL

      Defendants Westin Adams, City of Seattle, Gabriel Ladd, and Lauren Truscott moved to compel discovery responses from plaintiff Antonio Porter. Dkt. 49. Plaintiff did not respond to the motion. For the reasons explained below, the Court DENIES defendants' motion to compel without prejudice for failure to comply with Western District of Washington's Local Civil Rule 37.

## BACKGROUND

      Plaintiff Antonio Porter filed this case pro se on February 27, 2023. Dkt. 1. The Court granted plaintiff's motion to proceed *in forma pauperis* and directed service of plaintiff's complaint on June 8, 2023. Dkts. 10, 11. On April 29, 2024, plaintiff filed a motion to appoint counsel; the Court granted plaintiff's motion on June 12, 2024. Dkts. 31, 32. Counsel was appointed for plaintiff on September 5, 2024, and plaintiff filed an amended complaint. Dkts. 33, 42.

ORDER ON MOTION TO COMPEL - 1

Under the Court's scheduling order, the deadline for discovery motions was November 7, 2025, and the discovery cut-off date is December 12, 2025. Dkt. 46. Defendants timely filed the pending motion to compel, seeking a Court order compelling plaintiff to fully respond to defendants' discovery requests. Dkt. 49.

## DISCUSSION

If parties are unable to resolve a discovery dispute after a meet and confer, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1); Western District of Washington Local Civil Rule (LCR) 37(a)(1). A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in their case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). If the responses to discovery requests are incomplete, or contain unfounded objections, a party may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

According to LCR 37(a)(1):

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good

ORDER ON MOTION TO COMPEL - 2

faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

Here, defendants have failed to comply with the LCR 37 meet and confer requirements. Defendants state in their motion: "Counsel was unable to have a meet and confer over the phone prior to filing this motion. However, attorneys for both parties corresponded via email. Plaintiff's counsel is aware that the City will file this motion and later strike it if it becomes unnecessary." Dkt. 49 at 1.

Defendants filed a declaration of counsel, but did not include the required certification under LCR 37.1. Dkt. 50. Defendants do not provide any certification regarding their efforts to conduct either a face-to-face, or telephone, meet and confer with plaintiff before filing this motion. Dkt. 50. Defendants state they were unable to meet and confer by phone before filing this motion but fail to provide any facts by which the Court can assess whether their efforts were sufficient, or were less than what is contemplated by the discovery rules. Dkt. 49.

This is not a good faith attempt to resolve discovery issues without the Court's involvement. Thus, the Court denies defendants' motion to compel[1].

Dated this 5th day of December, 2025.

Theresa L. Fricke
United States Magistrate Judge

---

[1] If the parties seek to further modify the scheduling order, the parties are directed to file a motion pursuant to Local Civil Rule 16(b)(6).

ORDER ON MOTION TO COMPEL - 3